**FARHANG & MEDCOFF**
— ATTORNEYS —

4801 East Broadway Boulevard, Suite 311
Tucson, Arizona 85711
T: 520.214.2000
F: 520.214.2001

Roberto C. Garcia (#026246)
rgarcia@farhangmedcoff.com

David Tangren (#034527)
dtangren@farhangmedcoff.com

Attorneys for Plaintiffs S. Buber and J. Trejo

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Satchidananda Buber and Joseph Trejo, individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>GrowersHouse LLC, an Arizona limited liability company; GG Growth, LLC, a Delaware limited liability company; Nathan Lipton and John/Jane Doe Lipton, a married couple; and Paul Lipton and John/Jane Doe Lipton, a married couple,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiffs Satchidananda Buber and Joseph Trejo, individually and on behalf of a class of similarly situated individuals, for their Complaint against Defendants, allege as follows:

**PRELIMINARY STATEMENT**

1. This action arises from unlawful employment actions perpetrated by Defendants (defined below). More specifically, Defendants failed to pay wages earned by Plaintiffs and all those similarly situated in a timely manner as required by Arizona and

federal law and, further, with the calculated intent to deprive Plaintiffs and those similarly situated of overtime pay due under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), unlawfully misclassified, and continue to misclassify, Plaintiffs and those similarly situated as exempt under the FLSA.

## **PARTIES**

2. Plaintiff Satchidananda Buber ("Buber") is an unmarried individual and a resident of Pima County, Arizona. At all times relevant, Buber has been an "employee", as defined in 29 U.S.C. § 203(e) and A.R.S. § 23-350, of Defendants.

3. Plaintiff Joseph Trejo ("Trejo") is an unmarried individual and a resident of Pima County, Arizona. Buber and Trejo are collectively referred to herein as "Plaintiffs." At all times relevant, Trejo has been an "employee", as defined in 29 U.S.C. § 203(e) and A.R.S. § 23-350, of Defendants.

4. Defendant GrowersHouse, LLC ("GH") is an Arizona limited liability company whose principal place of business is in Pima County, Arizona.

5. Defendant GG Growth, LLC ("GG") is a Delaware limited liability company whose principal place of business is in Pima County, Arizona.

6. Defendant Nathan Lipton ("NL") is a married individual, who at all times relevant, resided in Pima County, Arizona. At all times relevant, NL was married to John/Jane Doe Lipton who is named as a defendant herein for purposes of reaching community property. At all times relevant, NL acted for and on behalf of his marital community. NL, John/Jane Doe Lipton, and their marital community, and each of them, are liable for NL's conduct, as alleged herein.

7. Defendant Paul Lipton ("PL") is a married individual, who at all times relevant, resided in Pima County, Arizona. At all times relevant, PL was married to John/Jane Doe Lipton who is named as a defendant herein for purposes of reaching community property. At all times relevant, PL acted for and on behalf of his marital community. PL, John/Jane Doe Lipton, and their marital community, and each of them, are liable for PL's conduct, as alleged herein. GH, GG, NL, and PL are collectively referred to

herein as "Defendants".

8. From the date of its formation until in or around October 2019, NL and PL were the managers and members of GH. In or around October 2019, GG became the sole member and manager of GH.

9. From the date of its formation until the present date, NL and PL have been the managers and members of GG.

10. At all times relevant, NL and PL have managed the day-to-day operations of GH and GG including, without limit, controlling GH and GG's finances, hiring and firing employees, setting, controlling, and supervising the schedules (-ing) of employees, disciplining employees, determining the compensation of employees, reviewing employee performance, and establishing and controlling employee wage payment policies and procedures.

11. Plaintiffs were both employees (as such term is defined in 29 U.S.C. § 203(e) and A.R.S. § 23-350) of GH until October 2019, when the aforementioned control and operational changes took effect. Thereafter, they became employees (as such term is defined in 29 U.S.C. § 203(e) and A.R.S. § 23-350) of GG.

12. From May 21, 2017 through in and around October 2019, GH, NL, and PL were "employers" of Plaintiffs and those similarly situated, as such term is defined in 29 U.S.C. § 203(d) and A.R.S. § 23-350.

13. From in and around October 2019, through the present date, GG, NL, and PL were/are "employers" of Plaintiffs and those similarly situated, as such term is defined in 29 U.S.C. § 203(d) and A.R.S. § 23-350.

14. Additional persons subjected to the unlawful employment acts complained of herein may also become plaintiffs in this action.

## JURISDICTION AND VENUE

15. This Court has original federal question jurisdiction with respect to this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

16. This Court has supplemental jurisdiction over the state law claims asserted

00671865.2

- 3 -

1 herein pursuant to 28 U.S.C. § 1367(a). Such state law claims are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

17. This Court has personal jurisdiction over Defendants because they reside and/or conduct business within this District.

18. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all the events and/or omissions giving rise to Plaintiff's claims occurred in this judicial district.

**COLLECTIVE ACTION ALLEGATIONS**

19. Plaintiffs bring the FLSA claims herein on behalf of themselves and all persons similarly situated who were or are employees of Defendants and who elect to opt into the FLSA claims asserted in this action.

20. Defendants are liable to Plaintiffs, and all those similarly situated, under the FLSA because of Defendants' willful failure to compensate their subject employees in a manner consistent with the FLSA's overtime pay requirements.

21. Defendants' policies and procedures applied generally to Defendants' employees, specifically those who had sales-related duties, throughout the relevant period and were calculated to deprive such employees of the monies due to them under law.

22. The collective action class members are readily identifiable, performed similar if not identical duties, responsibilities, and activities, and were all similarly harmed by Defendants' violations of the FLSA.

23. The proposed class for this FLSA collective action (the "Class") is defined as follows:

> All persons currently or formerly employed as a sales consultant, sales advisor, account manager, or other similarly situated employee performing or handling in and/or out-bound sales-related activities from within any facility used or operated by Defendants, GrowersHouse, LLC, GG Growth, LLC, Nathan Lipton, or Paul Lipton, who worked in excess of forty (40) hours during one or more workweeks without receiving overtime compensation from May 21, 2017 through the present date.

24. Defendants have intentionally, willfully, and repeatedly engaged in a pattern,

00671865.2

- 4 -

practice, and/or policy of violating the FLSA and Arizona's wage statutes. Such willful violations of law include, without limit, uniform:

    a. Failure to record all the time that employees, including Plaintiffs and all those similarly situated, have worked for the benefit of Defendants;

    b. Failure to keep records as required under the FLSA and related regulations;

    c. Misclassification of Plaintiffs and all those similarly situated as exempt from the FLSA's overtime pay requirements in an effort to deprive them of earned wages;

    d. Failure to pay Plaintiffs and all those similarly situated overtime wages for hours that they worked in excess of 40 hours per workweek; and

    e. Requirement that Plaintiffs and all those similarly situated work off the clock, without pay.

25. This Court should designate this action as a FLSA collective action and provide the procedural relief necessary for Plaintiffs to provide notice to members of the Class.

## GENERAL ALLEGATIONS

26. Defendants are in the business of selling hydroponic goods and other indoor gardening supplies. Such goods are often used by persons growing marijuana indoors.

27. Defendants operate a brick-and-mortar retail store in Tucson, Arizona and an online store that sells and ships goods throughout the United States.

28. Defendants are engaged in interstate commerce and are undoubtedly subject to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA").

29. Plaintiffs and those similarly situated frequently work(ed) hours beyond forty hours per workweek, without being paid any wages, including overtime pay.

30. At all times relevant, Defendants have operated under a policy that betrays their true intent to deprive employees, willfully, of their rights under the FLSA. Defendants have a policy and practice in place that precludes employees from recording any time worked over 40 hours in a workweek. Defendants knew that, if such time were recorded,

they would eventually have to pay employees for such time.

31. In a failed effort to preclude such liability, Defendants routinely misclassify their employees as exempt from the overtime provisions of the FLSA and refuse to pay their employees the appropriate overtime wages, or any wages, for hours worked in excess of forty per workweek.

32. From May 21, 2017, through and including the present day, Plaintiffs, as well as those similarly situated, were scheduled workloads that require(d) an excess of forty hours per workweek to complete.

33. Plaintiffs and those similarly situated routinely worked after normal business hours, including working on the weekends, for no compensation. Defendants consistently require(d) Plaintiffs, and those similarly situated, to work off the clock and for no remuneration.

34. Despite working more than forty hours per week, entitling them to wages at a rate of one and one-half times their regular rate of pay, Plaintiffs and those similarly situated were typically only paid for forty hours of work per week.

35. Plaintiffs and those similarly situated hold no duties or responsibilities through their employment with Defendants that would allow them to qualify as exempt from the overtime requirements of the FLSA. Indeed, none of the FLSA exemptions provided under law apply to Plaintiffs or those similarly situated.

36. Plaintiffs and those similarly situated worked more than 40 hours per workweek, without exception, from May 21, 2017 through the present day.

37. Defendants' unlawful wage-related actions were willful and intentional, done in bad faith, or, at best, done with reckless disregard as to whether they violated the FLSA and/or Arizona law.

38. As a result of their willful violations of the FLSA, Defendants are liable to Plaintiffs and those employees similarly situated in an amount to be proven at trial.

/ / / /

/ / / /

00671865.2

## COUNT I – VIOLATION OF THE FLSA, INDIVIDUAL AND COLLECTIVE ACTION "OPT-IN" CLAIMS FOR RELIEF
**(Against All Defendants)**

39. Plaintiffs incorporate herein by this reference every preceding allegation as if fully set forth herein.

40. Plaintiffs bring this FLSA claim as an "opt-in" collective action on behalf of themselves and all similarly situated employees of Defendants. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b); such written consents are attached hereto as Exhibit A and are incorporated herein by this reference.

41. Plaintiffs and those similarly situated to them were/are, at all times relevant, non-exempt employees under the FLSA.

42. At all times relevant hereto, NL and PL directed the operations of GH and GG and acted directly or indirectly in the interest of GH and GG in relation to Plaintiffs and all those similarly situated. Accordingly, just like GH and GG, NL and PL were/are Plaintiffs' employers under the FLSA and are personally liable to Plaintiffs and those similarly situated for the conduct complained of herein.

43. Defendants are all employers as defined under the FLSA and are subject thereto.

44. Among other things, the FLSA requires employers to pay non-exempt employees, such as Plaintiffs and those similarly situated, overtime pay at a rate not less than one and one-half times the employee's regular rate of pay for hours worked in excess of 40 in a workweek.

45. From May 21, 2017, through the present day, Plaintiffs, as well as those similarly situated, without exception, worked in excess of 40 hours per workweek.

46. Defendants did not pay Plaintiffs or those similarly situated for any hours worked in excess of forty per workweek and certainly did not pay them overtime.

47. At all times relevant, Defendants willfully and wrongfully classified Plaintiffs and those similarly situated as exempt from the minimum wage and overtime pay requirements of the FLSA and failed to pay wages including overtime wages.

48. Defendants' violations of the FLSA were not innocent errors and Defendants did not act in good faith in relation to their employees' rights under the FLSA.

49. Defendants' violation of the FLSA was willful as Defendants affirmatively knew their conduct complained of herein violated the FLSA and/or Defendants recklessly disregarded whether their conduct violated the FLSA.

50. A cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued. See 29 U.S.C. § 255(a). Accordingly, because Defendants' conduct complained of herein was willful, Plaintiffs and those similarly situated are entitled to their damages incurred starting from 3 years prior to the filing of this action.

51. Plaintiffs, both in their individual capacity and on behalf of all similarly situated employees, seek relief on a collective action basis challenging Defendants' failure to pay overtime wages to non-exempt employees. The number and identity of other plaintiffs who have yet to opt-in may be determined by Defendants' records, and potential members of this collective action may be notified via mail and electronic means.

52. Pursuant to 29 U.S.C. § 216(b), Plaintiffs and those similarly situated to them are entitled to an award of damages against Defendants, jointly and severally, for their violations of the FLSA in an amount to be proven at trial. Additionally, Plaintiffs and those similarly situated to them are entitled to interest, attorneys' fees, and costs arising from Defendants' unlawful actions and/or incurred herein.

53. Plaintiffs and those similarly situated are entitled to liquidated damages in an amount equal to the wages they are owed as unpaid overtime.

54. Each member of the purported Class is entitled to notification of the pendency of this action and of his/her right to becoming a party hereto.

## COUNT II – VIOLATION OF ARIZONA WAGE STATUTES
**(Against All Defendants)**

55. Plaintiffs incorporate herein by this reference every preceding allegation as if fully set forth herein.

56. Plaintiffs anticipate the Class will not exceed more than 10 former and current employees of Defendants. Because the numerosity requirement of Fed. R. Civ. P. 23 is not likely to be satisfied and because it is feasible that all those harmed by Defendants may join this action as named parties, Plaintiffs are not pursuing the state law claims asserted herein on a "class action" basis.

57. The state law claims asserted herein arise, in part, from Defendants' failure to pay wages and overtime required under the FLSA. Accordingly, such state law claims are part of the same case or controversy under Article III of the United States Constitution. Legal and judicial economy and efficiency warrant that all claims asserted herein be resolved in one action.

58. Plaintiffs were/are, at all times relevant, employees of Defendants within the meaning of A.R.S. § 23-350.

59. Defendants were/are each, at all times relevant, employers of within the meaning of A.R.S. § 23-350.

60. A.R.S. § 23-351(C)(3) provides that "[o]vertime or exception pay shall be paid no later than sixteen days after then end of the most recent pay period."

61. As set forth above, the FLSA requires that employees such as Plaintiffs and those similarly situated be paid for overtime wages for all hours worked in excess of forty hours per workweek.

62. Defendants violated A.R.S. § 23-351 by failing to pay wages and overtime due to Plaintiffs and members of the Class for work in excess of forty hours per workweek within the periods specified.

63. As a result of Defendants' violations of A.R.S. § 23-351, Plaintiffs and members of the Class are entitled to an award of the unpaid wages, prejudgment interest thereon, and are entitled to treble the amount of such wages, together with attorneys' fees and costs pursuant to A.R.S. § 23-355.

/ / / /

/ / / /

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that the Court:

a) Designate this action as a collective action on behalf of Plaintiffs and all those similarly situated and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing Individual Consent to Sue Forms pursuant to 29 U.S.C. § 216(b);

b) Enter judgment for Plaintiffs and against Defendants, jointly and severally, on all counts;

c) Award Plaintiffs all recoverable damages, in an amount to be proven at trial;

d) Award Plaintiffs all liquidated damages as provided and/or allowed by law;

e) Enjoin Defendants from future violations of the FLSA and/or Arizona's wage statutes.

f) Award Plaintiffs their attorneys' fees and costs incurred herein, on all the bases upon which such expenditures are compensable to Plaintiffs including, without limit, 29 U.S.C. § 216(b) and A.R.S. § 23-355;

g) Award Plaintiffs pre- and post-judgment interest at the highest rate allowed by law; and

h) Award Plaintiffs any other relief that the Court deems just and proper under the circumstances.

    DATED this 21st day of May 2020.

                FARHANG & MEDCOFF

                By /s/Roberto C. Garcia
                    Roberto C. Garcia
                    David M. Tangren
                    Attorneys for Plaintiff

00671865.2